UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| RYAN HOWARD, | ) | | |
|---|---|---|---|
| Petitioner, | ) | | |
| | ) | No. | 3:17-cv-00421 |
| v. | ) | | REEVES/POPLIN |
| | ) | | |
| CHERRY LINDAMOOD, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Now before the Court is Respondent's motion to dismiss the petition as time-barred [Docs. 5]. Even after this Court granted three motions for extension of time to allow Petitioner additional time to respond to Respondent's motion to dismiss, Petitioner did not file a response with this Court. Thus, on June 12, 2018, this Court ordered Petitioner to file a response showing good cause as to why he had not responded to Respondent's motion to dismiss [Doc. 13]. Respondent responded to the show cause order on July 2, 2018 [Doc. 14]. Based on the content therein, this Court will liberally construe Plaintiff's response to the show cause order as a response to the motion to dismiss. For the following reasons, Respondent's motion to dismiss [Doc. 5] will be **GRANTED** and this action will be **DISMISSED**.

I.  **PROCEDURAL HISTORY**

Following a jury trial in the Washington County Criminal Court, Petitioner was found guilty of second-degree murder and voluntary manslaughter on September 23, 2010. *State of Tennessee v. Ryan James Howard*, No. E2011-01571-CCA-R3-CD, 2013 WL 132665 at *1 (Tenn.

Crim. App. Jan. 10, 2013). A sentencing hearing was held on November 30, 2010, wherein Petitioner was sentenced to twenty years as a violent offender for the conviction of second degree murder, and five years as a standard offender consecutively for the conviction of voluntary manslaughter [Doc. 7, Exhibit 7]. The judgment was entered on the same date [*Id*.]. On December 21, 2010, Petitioner filed a Motion for Judgment of Acquittal or New Trial [Doc. 7, Exhibit 8]. The trial court denied all of Petitioner's issues from the motion during a hearing conducted on March 29, 2011, and an Order denying Motion for Judgment of Acquittal or New Trial was entered by the trial court on June 28, 2011 [Doc. 7, Exhibit 17]. Petitioner filed a timely notice of appeal on July 20, 2011, and a more detailed notice of appeal was filed on July 25, 2011 [*Id*.]. The Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's convictions and sentence on January 10, 2013. *State of Tennessee v. Ryan James Howard*, No. E2011-01571-CCA-R3-CD, 2013 WL 132665. At *1 (Tenn. Crim. App. Jan. 10, 2013). Petitioner did not seek discretionary review by the Tennessee Supreme Court ("TSC").

Petitioner filed a petition for post-conviction relief, and after appointment of counsel, the filing of an amended petition, and an answer filed by the State, an evidentiary hearing was held, following which the post-conviction court filed an order denying relief. *Ryan James Howard v. State of Tennessee*, No. E2015-02186-CCA-R3-PC, 2017 WL 1103046 (Tenn. Crim. App. March 24, 2017); *perm. App. Denied* Tenn. June 7, 2017. Thereafter, the TSC denied Petitioner permission to appeal. *Id*.

On September 6, 2017, Petitioner filed this pro se petition for writ of habeas corpus [Doc. 2]. In response, Respondent filed a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1) [Doc. 5].

**I.     ANALYSIS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute begins to run when one of the four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id*. The one-year period is tolled, however, during the pendency of a properly filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2). Respondent contends that the petition, as submitted to the prison mailroom[1] on September 6, 2017, is time-barred by thirty-five (35) days [Doc. 6 p. 3].

To determine the timeliness of this petition, the Court first must determine the date Petitioner's conviction became final. On January 10, 2013, the TCCA entered judgment on Petitioner's direct review. Petitioner had sixty days from that date, i.e., until March 11, 2013, to apply to the TSC for permission to appeal the TCCA's decision. *See* Tenn. R. App. P. 11(b). Therefore, because Petitioner did not appeal to the TSC, his conviction became final on March 11, 2013, and the next day, the AEDPA's one-year clock started to run. Accordingly, for purposes of § 2244(d)(1)(A), the time for filing this § 2254 petition would end on March 11, 2014.

As noted, the limitations statute is tolled while a properly filed state petition for post-conviction or for other collateral relief is pending. 28 U.S.C. § 2244(d)(2). Petitioner submitted

---

[1] Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in federal courts. *Cook v. Steall*, 295 F.3d 517, 521 (6th Cir. 2001).

a state petition for a writ of habeas corpus on January 16, 2014, three hundred and ten (310) days from March 12, 2011, the date the AEDPA's one-year clock starting to run. The clock remained stopped throughout this post-conviction proceeding.

On March 24, 2017, the TCCA dismissed Petitioner's appeal from the post-conviction court's order dismissing his post-conviction petition. *Ryan James Howard v. State of Tennessee*, No. E2015-02186-CCA-R3-PC, 2017 WL 1103046 (Tenn. Crim. App. March 24, 2017). The AEDPA clock resumed on June 8, 2017, the day after the TSC denied Petitioner permission to appeal, with fifty-five (55) days remaining in the limitations period, i.e. up to and including August 2, 2017 [Doc. 7, Exhibit 27]. *DiCenzi v. Rose*, 452 F.3d 465, 468-469 (6th Cir. 2006) (When the state court proceedings that tolled the limitations period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew.). Thus, the final day for Petitioner to file a habeas petition in this Court was August 2, 2017.

Petitioner filed the instant petition on September 6, 2017, thirty-five (35) days after his one-year limitations period expired. As such, the instant federal habeas corpus petitioner [Doc. 2] is untimely under 28 U.S.C. § 2244(d)(1) and must be dismissed unless Petitioner is entitled to equitably tolling.

## II.    EQUITABLE TOLLING

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioners have the burden of demonstrating that they are entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in

his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

In support of his assertion that he is entitled to equitable tolling, Petitioner argues that the prison was on lockdown for twenty-three nonconsecutive days during the months of June and August in 2017 [Doc. 14]. Specifically, Petitioner states that he was in lockdown from June 8, 2017 through June 18, 2017; June 24, 25, and 30 of 2017, July 21, 2017 through July 28, 2017 and August 2, 2017 [*Id.*]. Petitioner further argues that he is entitled to equitable tolling because staff and prison officials failed to provide him with records and affidavits upon his request [*Id.*].

A petitioner pointing to restrictive prison conditions as the cause of his filing delay has an uphill battle; prison routines or regulations, even when attendant to highly-restrictive environments such as segregation or lockdown, rarely constitute extraordinary circumstances. *United States v. Magiera*, 2014 WL 5364799, at *1 (E.D. Ky. Oct. 21, 2014) ("[I]nstitutional transfers, periods of confinement under more restrictive conditions than the general population, and lack of ready access to legal paperwork and law libraries are not 'extraordinary circumstances'; they are the usual incidents of prison life.") (internal quotation marks omitted); *Banzant v. United States*, 2016 WL 3582210, at *4 (W.D. Tenn. June 28, 2016) ("[M]ost courts have concluded that prison lockdowns . . . do not amount to extraordinary circumstances supporting equitable tolling.") Prison restrictions are not usually "extraordinary" "because prisoners, who are familiar with the routine restrictions of prison life, must take such matters into account when calculating when to file a federal habeas petition." *Allen v. Johnson*, 602 F. Supp. 2d 724, 728 (E.D. Va. 2009).

5

Here, Petitioner's arguments do not warrant equitable tolling since Petitioner has not shown any causal connection between the alleged lockdowns and his failure to timely file his habeas corpus petition. Petitioner has not indicated what steps he took during the time the prison was not on lockdown to prepare his habeas motion. When the AEDPA clock resumed on June 8, 2017, Petitioner had fifty-five more days to file his habeas motion. Accepting as true, that Petitioner was in lockdown for twenty-three of those fifty-five day, the Court finds that is an adequate amount of time to draft and file a habeas motion with the Court.

Moreover, Petitioner has not explained how the lack of the requested records and affidavits he desired prevented him from timely filing his federal habeas corpus petition. *Inglesias v. Davis*, 2009 WL 87574, at *1 (6th Cir. Jan. 12, 2009) (holding that the petitioner's lack of access to the trial transcript did not warrant the equitable tolling of AEDPA's statute of limitations); *see also Lloyd v. Van Natta*, 296 F.3d 630, 633–34 (7th Cir. 2002) (holding that the petitioner's inability to obtain the trial transcript is not grounds for equitable tolling); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (holding that the court's delay in furnishing the petitioner with the trial transcript is insufficient to justify equitable tolling); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (same as *Lloyd* ). The courts have reached this conclusion because access to the trial transcript—although understandably helpful to petitioners—is not necessary to file a habeas petition. A habeas petition must "specify all the grounds for relief" and "state the facts supporting each ground." 28 U.S.C. § 2254, Rules Governing Section 2254 Cases, R. 2(c). Nowhere do the rules require the petitioner reference any specific records or affidavits. As such, this Court finds that the inability to obtain records or affidavits is not the kind of extraordinary circumstances that stands in a petitioner's way and prevents a timely habeas filing.

Accordingly, the Court finds that Petitioner has failed to establish grounds that would entitle him to equitable tolling.

## III. CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA), should petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurors would not debate the correctness of the Court's ruling that the § 2254 is time-barred, a COA will not issue.

## IV. CONCLUSION

For these reasons, Respondent's motion to dismiss [Doc. 5] is **GRANTED** and this action will be **DISMISSED.**

AN APPROPRIATE ORDER WILL ENTER.

/s/ Pamela L. Reeves
**UNITED STATES DISTRICT JUDGE**